**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **GRADY ALLEN DAVIS, 01790457,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:14-CV-2138-B |
| ) | |
| **WILLIAM STEPHENS, Director, TDCJ-CID,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.      Procedural Background**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent William Stephens is Director of TDCJ-CID.

Petitioner does not challenge the validity of his underlying conviction and sentence. Instead, he challenges a prison disciplinary violation, number 20140063725.

On October 30, 2013, Petitioner was notified that he was being charged with threatening to inflict harm on staff. On November 1, 2013, a disciplinary hearing was held, and the hearing officer found Petitioner guilty of the offense. Punishment was assessed at: (1)  forfeiture of 45 days

recreation and commissary privileges; (2) cell restriction for 45 days; (3) reduction in line class from S4 to L1; and (4) forfeiture of 200 days good time credit.

On November 13, 2013, Petitioner submitted a Step 1 grievance appealing his disciplinary case. The grievance was denied. On November 18, 2013, Petitioner submitted a Step 2 grievance. On November 26, 2013, the grievance was denied.

On May 14, 2014, Petitioner filed the instant § 2254 petition. He argues:

1. Officer Molina retaliated against him by making false allegations to support the disciplinary charge;

2. His due process rights were violated during the disciplinary proceeding;

3. He was denied the effective assistance of counsel substitute; and

4. The subsequent denial of parole and dismissal from the Gang Renouncement and Disassociation (GRAD) program as a result of this disciplinary conviction constituted cruel and unusual punishment.

## II.   Discussion

**1.   Due Process**

Petitioner challenges the loss of commissary privileges, reduction in line classification, loss of recreation privileges, and his placement on cell restriction. These claims, however, do not implicate a protected constitutional interest. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (stating commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *Luken v. Scott*, 71 F.3d 192, 193 95th Cir. 1995) (stating reductions in line-class status do not implicate due process concerns); *Hernandez*

*v. Velasquez*, 522 F.3d 556, 562-64 (5th Cir. 2008) (finding that in the absence of extraordinary circumstances, administrative segregation does not impose atypical and significant hardship required to trigger due process protection).  These claims are therefore without merit.

Likewise, Petitioner has no due process rights in his good time credits.  Prisoners charged with disciplinary violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action results in a sanction that infringes on a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  In Texas, only those sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, impinge on a protected liberty interest.  *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

In this case, Petitioner is not eligible for release to mandatory supervision.  Petitioner was previously convicted of aggravated kidnaping with a deadly weapon finding.  (Resp. Ex. C.)  The mandatory supervision statute in effect at the time Petitioner committed his holding offense of fraud stated that an inmate is ineligible for mandatory supervision if the inmate was convicted of aggravated kidnaping with a deadly weapon finding. TEX. Gov't Code § 508.149(a)(4) (West 2012). Since Petitioner is ineligible for mandatory supervised release, the loss of good-time credits did not implicate a protected liberty interest.  *Malchi*, 211 F.3d at 956-58.

2. **Counsel Substitute**

Petitioner claims he received ineffective assistance of counsel from his counsel substitute during the disciplinary proceeding.  Prisoners, however, have no right to counsel for disciplinary proceedings.  *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *Ramirez v. Stephens*, No. 2:12-

CV-041, 2015 WL 1065186 (N.D. Tex. Mar. 11, 2015). Petitioner's claim is therefore without merit.

**3.     Retaliation**

Petitioner claims Officer Molina filed this disciplinary case against him in retaliation. Petitioner states he told Officer Molina he was going to file a grievance against him because Officer Molina threatened him, and that Officer Molina then filed this false disciplinary case against him.

Petitioner's habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted unless Petitioner has first exhausted the remedies available in the state courts, or an exception to exhaustion exists. This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle,* 614 F.2d 1030 1031–32 (5th Cir.1980). An appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle,* 585 F.2d 1297, 1299 (5th Cir.1978). Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland,* 518 U.S. 152, 162–63 (1996). Nor is a federal claim adequately

presented to the state by presenting somewhat similar claims. *Wilder v. Cockrell,* 274 F.3d 255, 259–60 (5th Cir.2001).

Although Petitioner challenged this disciplinary case through the prison grievance procedure, Petitioner did not challenge the case on the grounds that Officer Molina filed the case in retaliation for Petitioner telling him he was going to file a grievance against him. (*See* Pet. at 11-25; Administrative Record at Dkt No. 19.) Petitioner has therefore failed to exhaust his administrative remedies as to this claim. Any attempt to now exhaust this claim through the prison grievance system would be untimely. Consequently, petitioner is procedurally barred from raising this claim.

**4.     Cruel and Unusual Punishment**

Petitioner claims that his dismissal from the GRAD program and the denial of his release to parole constitute cruel and unusual punishment. To establish an Eighth Amendment claim of cruel and unusual punishment, a petition must show the deprivation of the minimal civilized measures of life's necessities. *See Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Denial of participation in prison educational programs, however, does not rise to level of a federal claim. *See Bulger v. Bureau of Prisons,* 65 F.3d 48, 49 (5th Cir. 1995) (stating a prisoner has no constitutional right to participate in rehabilitation programs). Further, the denial of release on parole does not constitute cruel and unusual punishment. *See Teague v. Quarterman,* 482 F.3d 769, 774 (5th Cir.2007) ("there is no right or constitutional expectancy of early release on parole in Texas"). Petitioner's claims are without merit.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 1st day of July, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 7**